[No. B128565. Second Dist., Div. Three. Oct. 31, 2000.]

SESSIONS PAYROLL MANAGEMENT, INC., Plaintiff and Appellant, v. NOBLE CONSTRUCTION COMPANY, INC., Defendant and Appellant.

COUNSEL

Cohon & Gardner, Steven H. Gardner, Jeffrey M. Cohon; Law Offices of Philip A. Metson and Philip A. Metson for Plaintiff and Appellant.

Norman, Dowler, Sawyer, Israel, Walker & Barton and Michael G. Walker for Defendant and Appellant.

OPINION

**KITCHING, J.—**

### INTRODUCTION

Plaintiff Sessions Payroll Management, Inc. (Sessions) did not sign and was not a party to a written contract between defendant general contractor Noble Construction Company, Inc. (Noble) and David Mackey Drywall (Mackey). The Noble-Mackey contract provided that the prevailing party in an action to enforce the contract would receive attorney fees. After sustaining a demurrer without leave to amend to Sessions's third party beneficiary breach of contract claim against Noble, the trial court awarded attorney fees in favor of Noble based on the contractual attorney fee provision. Sessions appeals that attorney fee award.

Where a plaintiff did not sign the contract with the attorney fee provision, a defendant which is the prevailing party can recover contractual attorney fees only if the nonsignatory plaintiff would have been entitled to those fees if the plaintiff had prevailed. A third party beneficiary can only claim benefits that contracting parties intended it to receive, and cannot recover benefits intended to benefit only contracting parties. The contract does not show that Mackey and Noble intended to benefit Sessions by including Sessions within the contractual attorney fee clause. Therefore even if Sessions had prevailed on its third party beneficiary cause of action, it could not have claimed attorney fees under the contract. Thus we conclude that Noble was not entitled to attorney fees as prevailing party.

We further reject the theory that alleging the right to attorney fees in its complaint estops Sessions from now claiming that it could not have recovered them and that therefore Noble should not receive them. This estoppel theory is not consistent with the California Supreme Court's test in *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83]

for determining the entitlement to contractual attorney fees. We therefore reverse the order awarding attorney fees.

### Procedural and Factual History

Sessions's operative complaint alleged four causes of action against Mackey, which is not a party to this appeal. The complaint alleged one cause of action, for breach of written agreement, against Noble.

As alleged in the complaint, Mackey staffed a project to build a Fry's Electronics store in Burbank, pursuant to a subcontract with Noble as general contractor. Sessions and Mackey orally agreed that Sessions would handle Mackey's payroll requirements for Mackey employees who performed construction services on the project. Mackey was to deliver to Sessions periodic payment reports specifying employees' names and Social Security numbers, hours worked, and amount to be paid each employee for a pay period. Sessions was to prepare a job summary and invoice Mackey, which agreed to pay Sessions the amount specified in each job summary and invoice. From funds Mackey paid to Sessions, Sessions would pay wages, federal, state, and local taxes, union fringe benefits, and workers' compensation insurance premiums on behalf of Mackey and Mackey employees. For this service, Mackey agreed to pay Sessions 6 percent of the gross payroll on the Fry's Electronics project.

In 1996, in reliance on Mackey's promise to pay $74,864 for payment of employees' wages, taxes, etc., and in reliance on assurances that Noble had issued checks to Mackey to cover payment of Mackey employees, Sessions paid $74,864 to and on behalf of Mackey employees performing services on the Fry's Electronics project. Mackey breached its promise to pay Sessions the employee wages, taxes, union fringe benefits, and workers' compensation insurance premiums Sessions had paid on behalf of Mackey and Mackey employees, and also breached its promise to pay Sessions the additional 6 percent sum.

Sessions's complaint alleged that Noble breached a written agreement. It alleged that before Noble forwarded the subcontract to Mackey for signature, Noble's project manager sent a February 6, 1996, letter to Mackey instructing Mackey to begin construction work. Before Mackey commenced work, Mackey informed Noble that Sessions would provide payroll services. Noble agreed to this arrangement.

Sessions's complaint alleged that Noble recognized and agreed that Sessions was a beneficiary under the Noble-Mackey subcontract. Thus to the

extent Noble paid or was obligated to pay Mackey for payroll costs under the subcontract, those payments were for the benefit of and were paid on behalf of Sessions, which actually paid those costs for the benefit of Mackey and Noble.

Noble paid Mackey for his company's labor by making checks to "David Mackey Drywall and Sessions Payroll Management." This payment, the complaint alleged, recognized Sessions's status as an intended, express beneficiary of the Mackey-Noble subcontract. Noble also demanded that, to the extent of each payment to Mackey and Sessions, Sessions sign an "Unconditional Waiver and Release Upon Progress Payment." Each such form exchanged Noble's payment for a partial release of Sessions's lien rights arising under the subcontract. —

Sessions's complaint alleged that Noble breached its obligation to Sessions by failing to pay Sessions directly or to pay Mackey so Mackey could pay Sessions for payroll costs incurred under the subcontract.

The complaint attached the February 28, 1996, subcontract, executed by the president of Noble Construction Company and by David Mackey, doing business as David Mackey Drywall. A "joint checks" clause in the subcontract stated: "Whenever Contractor reasonably so elects, Contractor may issue joint checks to Subcontractor and its suppliers and subcontractors. Contractor's options set out in this Paragraph confer absolutely *no enforceable rights upon any third party*." (Italics added.)

The subcontract also stated that the agreement was the sole agreement between the parties, and: "Except as specifically prescribed herein, *this Agreement shall not create any rights of or confer benefits upon, third parties.*" (Italics added.)

The Noble-Mackey subcontract also contained an attorney fee clause: "In the event it becomes necessary for *either party* to enforce the provisions of this Agreement or to obtain redress for the violation of any provision hereof, whether by arbitration, or otherwise, the prevailing party shall be entitled to recover from the other party all costs and expenses associated with such action, including statutory interest and reasonable attorney fees." (Italics added.)

Noble demurred to the first amended complaint, alleging that the complaint failed to allege that Noble and Mackey entered into the subcontract expressly for the purpose of benefiting Sessions, as required by third party beneficiary law. After sustaining the demurrer without leave to amend, the trial court filed a signed order dismissing the action as to Noble.

Noble then moved for $8,412.50 in attorney fees as prevailing party. Noble made its motion on the ground that Sessions's action was based on a contract containing an attorney fee provision subject to Civil Code section 1717, which entitled Noble to an attorney fee award as prevailing party. The trial court found Noble to be the prevailing party pursuant to Civil Code section 1717, granted Noble's attorney fee motion, and awarded Noble $4,264.56 in attorney fees.

Sessions filed a timely notice of appeal from the order determining attorney fees, which is separately appealable as an order after judgment. (*California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 565, fn. 1 [35 Cal.Rptr.2d 396]; *Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 841-842 [218 Cal.Rptr. 704].) Noble later filed a cross-appeal challenging the amount of the attorney fee award, but given our reversal of the order imposing that attorney fee award, we do not reach the cross-appeal.

## ISSUE

When a contract contains an attorney fee provision and a nonsignatory plaintiff brings a third party beneficiary breach of contract action against a signatory defendant, can the signatory defendant as prevailing party recover attorney fees from the nonsignatory plaintiff? We conclude that under the circumstances, the trial court erroneously awarded attorney fees to the defendant.

## DISCUSSION

### 1. *Standard of Review*

On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law. (*Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595], disapproved on other grounds in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614, fn. 8 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

### 2. *Mutuality of Remedy Under Civil Code Section 1717*

Attorney fees are not recoverable as costs unless a statute or contract expressly authorizes them. (Code Civ. Proc., § 1021; *Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 379 [30 Cal.Rptr.2d 536].) The issue is whether Civil Code section 1717 creates a right to attorney fees based on the attorney fee provision in the Mackey-Noble contract.

Civil Code section 1717, subdivision (a) states, in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

■ Civil Code section 1717 ensures mutuality of remedy for attorney fee claims under contractual attorney fee provisions. The statute makes an otherwise unilateral right reciprocal in at least two situations. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 610.)

First, when the contract provides the right to recover attorney fees to one party but not to the other, Civil Code section 1717 allows recovery of attorney fees by "whichever contracting party prevails," whether or not the contract specifies that party. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 611.) This appeal does not involve the first situation, a unilateral attorney fee contract.

In a second situation, Civil Code section 1717 makes an otherwise unilateral right reciprocal when a *defendant* sued on a contract with a provision awarding attorney fees to the prevailing party defends by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of that contract. "Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right. If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney—because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 611.)

Thus, "[u]nder some circumstances . . . the reciprocity principles of Civil Code section 1717 will be applied in actions involving signatory and non-signatory parties." (*Real Property Services Corp. v. City of Pasadena, supra,* 25 Cal.App.4th at p. 380.)

*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d 124 illustrates when Civil Code section 1717 will apply to a nonsignatory defendant. In *Reynolds Metals*, the plaintiff supplied aluminum to Turner, a subsidiary of TMI, under a general line consignment agreement which TMI signed as guarantor of Turner's payments. Turner also later executed and delivered two promissory notes in favor of the plaintiff, which TMI endorsed. These promissory notes provided for recovery of collection costs, including attorney fees, if Turner defaulted. After Turner and TMI became insolvent, the plaintiff sued to hold TMI shareholders and directors personally liable for debts Turner and TMI owned to the plaintiff. After a trial, the court rejected the plaintiff's theory that the defendants were alter egos of the corporate entities, absolved the defendants from personal liability for the corporate obligations, and awarded the defendants attorney fees. (25 Cal.3d at p. 127.)

The defendants in *Reynolds Metals* did not sign the contract. Because Civil Code section 1717 refers to "any action on a contract," *Reynolds Metals* interpreted it to include "any action where it is alleged that a person is liable on a contract, whether or not the court concludes he is a party to that contract." (*Reynolds Metals Co. v. Alperson, supra,* 25 Cal.3d at p. 128.) Given the purpose of establishing mutuality of remedy, and to prevent one-sided attorney fee provisions, *Reynolds Metals* interpreted section 1717 to "provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (25 Cal.3d at p. 128.) Thus if the plaintiff had prevailed on its cause of action claiming that the nonsignatory defendants were alter egos of the corporation, the defendants would have been liable on the promissory notes. Since they would have been liable for attorney fees pursuant to attorney fee provisions in those promissory notes if the plaintiff had prevailed, *Reynolds Metals* held that the defendants as prevailing parties could recover attorney fees pursuant to section 1717 even though they had not signed the contracts. (25 Cal.3d at p. 129.)

Unlike *Reynolds Metals*, plaintiff Sessions is the nonsignatory party and defendant Noble signed the contract. However, the rationale of *Reynolds Metals* "has also been applied . . . in actions by a nonsignatory plaintiff seeking to enforce a contract against a signatory defendant." (*Real Property Services Corp. v. City of Pasadena, supra,* 25 Cal.App.4th at p. 380.) "Where a nonsignatory plaintiff sues a signatory defendant in an action on a contract and the signatory defendant prevails, the signatory defendant is entitled to attorney fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed." (*Id.* at p. 382.)

 Therefore pursuant to the test in *Reynolds Metals* and *Real Property Services*, the issue is whether Sessions, if it had prevailed in enforcing the Noble-Mackey contract as a third party beneficiary, would have been entitled to attorney fees. If Sessions would have been entitled to attorney fees, then Noble has a right to them as the prevailing party.

3. *Even If Sessions Had Prevailed on Its Third Party Beneficiary Claim, It Would Not Have Been Entitled to Attorney Fees Because Noble and Mackey Did Not Intend to Include Sessions in the Attorney Fee Clause.*

 A third party beneficiary may enforce a contract made expressly for his or her benefit. (*Kaiser Engineers, Inc. v. Grinnell Fire Protection Systems Co.* (1985) 173 Cal.App.3d 1050, 1055 [219 Cal.Rptr. 626]; Civ. Code, § 1559.) It is also true that a party not named in the contract may qualify as a beneficiary under it where the contracting parties must have intended to benefit the unnamed party and the agreement reflects that intent. (*Harper v. Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1087 [66 Cal.Rptr.2d 64].) The party claiming to be a third party beneficiary bears the burden of proving that the contracting parties actually promised the performance which the third party beneficiary seeks. This remains largely a question of interpreting the written contract. (*Garcia v. Truck Ins. Exchange* (1984) 36 Cal.3d 426, 436 [204 Cal.Rptr. 435, 682 P.2d 1100].)

 We see no indication that Mackey and Noble intended to benefit Sessions by including it within their contractual attorney fee clause. "A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. [Citations.] As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler. Permitting a third party to enforce a covenant made solely to benefit others would lead to the anomaly of granting him a bonus after his receiving all intended benefit." (*Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 944 [132 Cal.Rptr. 424, 553 P.2d 584].) Sessions had no right to collect anything but those benefits the contracting parties agreed to confer upon it. (*Super 7 Motel Associates v. Wang* (1993) 16 Cal.App.4th 541, 546 [20 Cal.Rptr.2d 193].)

The contract does not show that Mackey and Noble agreed or intended to include Sessions within the attorney fee provision. Indeed, the contract expressly disclaims that it creates any rights or confers any benefits on third parties: "Except as specifically prescribed herein, *this Agreement shall not create any rights of or confer benefits upon, third parties.*" (Italics added.)

The contract also permits recovery of attorney fees "[i]n the event it becomes necessary for *either party* to enforce the provisions of this Agreement . . . ." (Italics added.) "[E]ither" refers only to the two parties to the contract, Noble and Mackey. If they wanted to include someone else, their contract would have referred to "any" party. Moreover, the word "party" limits recovery of attorney fees to a "party" to the contract, reflecting the intent of Noble and Mackey to exclude nonsignatories, such as Sessions, from the scope of the attorney fee clause.[1]

Even if Sessions had prevailed on its third party beneficiary breach of contract cause of action, it could not have recovered attorney fees. Consequently under *Reynolds Metals* and *Real Property Services*, Sessions should not have attorney fees imposed against it and in favor of Noble.

### 4. *Sessions Is Not Estopped from Contesting the Attorney Fee Award*

■ Noble also argues that the attorney fee award should be affirmed based on estoppel theory. Estoppel theory states: "if one merely alleges a right to recover attorney's fees, one is estopped from contending that he or she could not recover them if the other party prevails and claims attorney's fees." (*Leach v. Home Savings & Loan Assn.* (1986) 185 Cal.App.3d 1295, 1306 [230 Cal.Rptr. 553].) Noble argues that Sessions's complaint prayed for attorney fees, and thus Sessions adopted the view that it should be considered a third party beneficiary for the entire contract, including its attorney fee provision. We reject estoppel theory as a basis for this attorney fee award.

*Leach v. Home Savings & Loan Assn., supra,* 185 Cal.App.3d 1295, rejects estoppel theory. *Leach* first observes that the case originating the estoppel theory had since been overruled. *Leach* also states that estoppel theory contradicts the *Reynolds Metals* test. That test requires a party claiming attorney fees to establish that the opposing party actually would have been entitled to receive them if the opposing party had prevailed. The mere allegation in a complaint that the plaintiff is entitled to receive attorney fees

---

[1]*Real Property Services* is factually distinguishable. It held that because a lease provision established a nexus between the defendant lessor and the plaintiff sublessee (which was not a signatory to the lease), the plaintiff sublessee was a third party beneficiary of the contract and could have recovered attorney fees had it prevailed. Therefore *Real Property Services* affirmed a grant of attorney fees to the defendant lessor as prevailing party. (*Real Property Services Corp. v. City of Pasadena, supra,* 25 Cal.App.4th at pp. 383-384.)

The Noble-Mackey contract was not a lease and contained no express recognition of Sessions; thus it created no nexus between Noble and Sessions that would make Sessions a third party beneficiary. In any case, we find that the two parties to the contract did not intend its attorney fee provision to include Sessions within its scope. Therefore *Real Property Services* provides no authority for an attorney fee award to Noble.

does not provide a sufficient basis for awarding them to the opposing party if the plaintiff does not prevail. Where, as in *Leach*, the plaintiff did not sign the contracts containing attorney fee provisions, the plaintiff had no independent right to recover fees under contractual attorney fee clauses. Therefore the defendants, as prevailing parties, could not recover attorney fees from the plaintiff. (*Id.* at pp. 1306-1307; see also *Super 7 Motel Associates v. Wang, supra,* 16 Cal.App.4th at p. 548-549; *Sweat v. Hollister* (1995) 37 Cal.App.4th 603, 616-617 [43 Cal.Rptr.2d 399], disapproved on another ground in *Santisas v. Goodin, supra,* 17 Cal.4th at p. 609, fn. 5; *Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 962, fn. 12 [17 Cal.Rptr.2d 242]; *Wilson's Heating & Air Conditioning v. Wells Fargo Bank* (1988) 202 Cal.App.3d 1326, 1333, fn. 7 [249 Cal.Rptr. 553].)

We join these cases in rejecting the estoppel theory as a basis for imposing an attorney fee award. We have concluded that Sessions, a nonsignatory suing as a third party beneficiary, could not show that the parties to the contract intended to include Sessions within the scope of the contractual attorney fee clause. Therefore Sessions had no independent right to recover attorney fees under the contract. What Sessions's complaint alleged does not alter that conclusion. Sessions could not have enforced the right to claim attorney fees as a contractual benefit even if Sessions had prevailed on its third party beneficiary cause of action as to damages it claimed from Noble. Therefore the trial court erroneously awarded attorney fees against Sessions and in favor of Noble. We reverse that award.

## DISPOSITION

The order awarding attorney fees is reversed. The cross-appeal of Noble Construction Company, Inc., is dismissed. Costs on appeal to plaintiff Sessions Payroll Management, Inc.

Croskey, Acting P. J., and Aldrich, J., concurred.