Richard TRAVERSO, dba Adco Outdoor Advertising dba Pacific Coast Display, Plaintiff–Appellant,

v.

**CLEAR CHANNEL COMMU-NICATIONS, INC., Defendant–Appellee.**

Richard Traverso, dba Adco Outdoor Advertising dba Pacific Coast Display, Plaintiff–Appellee,

v.

Clear Channel Communications, Inc., Defendant–Appellant.

Nos. 01–16597, 01–16605.

D.C. No. CV–00–01921–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 26, 2002.

Before STAPLETON,* O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM**

Richard Traverso, dba Adco Outdoor Advertising, appeals from the dismissal of his action against Clear Channel Communications, Inc. *See* Fed.R.Civ.P. 12(b)(6). We affirm.

■ (1) We agree with the district court that Traverso has not properly pled that there was an actual or de facto merger of Eller Media Corporation (EMC) into Clear Channel, or a consolidation of EMC and Clear Channel. *See Franklin v. USX Corp.,* 87 Cal.App.4th 615, 625–627, 105 Cal.Rptr.2d 11, 17–19 (2001); *Phillips v. Cooper Labs., Inc.,* 215 Cal.App.3d 1648, 1658–59, 264 Cal.Rptr. 311, 316–17 (1989); *Marks v. Minn. Mining & Mfg. Co.,* 187 Cal.App.3d 1429, 1435–36, 232 Cal.Rptr. 594, 597–98 (1986); *Treadaway v. Camellia Convalescent Hosps., Inc.,* 43 Cal. App.3d 189, 193 n. 1, 118 Cal.Rptr. 341, 343 n. 1 (1974). It is true that a merger[1] is a reorganization and that purchases of stock of one corporation by another one can also be a reorganization. *See* Cal. Corp.Code § 181. However, it does not logically follow that a stock purchase is a merger or a consolidation. Similarly, the purchase of the stock of a corporation does not give rise to application of California's mere continuation theory. *See Franklin,* 87 Cal.App.4th at 625–27, 105 Cal.Rptr.2d at 17–19; *Phillips,* 215 Cal.App.3d at 1657–59, 264 Cal.Rptr. at 316–17.

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Consolidation is now treated as an antiquated concept in California; it is just a type of merger. *See* 1975 Legislative Committee Comment to California Corporation Code Chapter 11, reprinted at 23E West Annotated Cal.Code 393 (1990).

■ (2) We also agree with the district court that a purchase of stock of a corporation is not a purchase of the assets of the corporation itself; it is simply an acquisition of the shareholders' interest in the corporation. *See Berclain America Latina, S.A. v. Baan Co.,* 74 Cal.App.4th 401, 407, 87 Cal.Rptr.2d 745, 749 (1999).

■ (3) Traverso's other theories fail for much the same reasons. Because it is plain that EMC remains a viable corporation, and Clear Channel has not plundered or commingled its assets, there is no basis to hold the latter responsible for the former's contract with Traverso on a theory of piercing of the corporate veil, breach of fiduciary duty, or otherwise. *See Pittelman v. Pearce,* 6 Cal.App.4th 1436, 1443–44 & n. 12, 8 Cal.Rptr.2d 359, 363–64 & n. 12 (1992) (lack of fiduciary duty of corporation as to debt holders who hold options); *Mesler v. Bragg Mgmt. Co.,* 39 Cal.3d 290, 300, 702 P.2d 601, 606, 216 Cal.Rptr. 443, 448 (1985) (elements of piercing the corporate veil); *Kraus v. Willow Park Pub. Golf Course,* 73 Cal.App.3d 354, 373, 140 Cal. Rptr. 744, 756 (1977) (elements of constructive trust); *Norins Realty Co., Inc. v. Consol. Abstract & Title Guar. Co.,* 80 Cal.App.2d 879, 882–83, 182 P.2d 593, 595–96 (1947) (piercing the corporate veil; ownership of control stock is not enough). Similarly, Traverso cannot show that the stock purchase agreement between EMC shareholders and Clear Channel was for the benefit of Traverso—most of his allegations indicate that it was not and there is no indication whatsoever (much less a clear indication) that it was. *See Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1015 (9th Cir.2000); *Hess v. Ford Motor Co.,* 27 Cal.4th 516, 524, 41 P.3d 46, 51, 117 Cal.Rptr.2d 220, 226 (2002); *Sessions Payroll Mgmt., Inc. v. Noble Constr.*

*Co., Inc.,* 84 Cal.App.4th 671, 680, 101 Cal. Rptr.2d 127, 133 (2000).

(4) The various assertions made by Traverso in his attempt to obtain Clear Channel's stock are wallydrags. The district court, however, was satisfied that the arguments were not so frivolous as to call down the thunder of Federal Rule Civil Procedure 11 sanctions upon the heads of Traverso and his counsel. For the district court it was a close question; for us it is a matter of reviewing the district court's decision for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1177 (9th Cir.1996). The issue *is* close, but on this record we are unable to say that the district court abused its discretion.

AFFIRMED. The parties shall bear their own costs on appeal.