[No. D049883. Fourth Dist., Div. One. Jan. 10, 2008.]

NICHOLAS G. EXARHOS, Plaintiff and Appellant, v. HERBERT J. EXARHOS, Defendant and Respondent.

**COUNSEL**

Wingert Grebing Brubaker & Goodwin and Craig Gross for Plaintiff and Appellant.

Patricia L. Davis for Defendant and Respondent.

**OPINION**

**AARON, J.—**

## I.

## INTRODUCTION

In this appeal, we address whether a person who sues as a decedent's successor in interest may be held liable for contractual attorney fees pursuant to Civil Code section 1717 in an action commenced and pursued by the alleged successor in interest. We conclude that because the alleged successor in interest in this case would have been entitled to an award of attorney fees if he had prevailed in the action, he is liable for defendant's attorney fees, since defendant prevailed.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Nicholas Exarhos (Nicholas) is the son of Herbert Exarhos (Herbert) and the grandson of Herbert's mother, decedent Eleni Exarhos (Eleni).[1] Eleni died in January 2005. In November 2005, Nicholas filed a two-count complaint against California Bank & Trust (the Bank). In his complaint, Nicholas alleged that prior to her death, Eleni had maintained a savings account and a checking account with the Bank. Nicholas further alleged that Eleni had created a revocable living trust (the Trust) and that, pursuant to the terms of the Trust, Nicholas was the named beneficiary of the savings account. Nicholas claimed that that he was pursuing the action against the Bank as Eleni's successor in interest.

Nicholas claimed that the Bank mishandled Eleni's accounts in several respects. He alleged that Eleni's checking and savings accounts had originally

---

[1] We use first names for purposes of clarity.

been opened pursuant to a written deposit agreement (the Agreement) and that Eleni was the only person who was authorized to withdraw funds from the accounts. Nicholas further alleged that the Bank improperly allowed Herbert to remove the signature card for the accounts from the Bank. Nicholas claimed that Herbert later presented the signature card to the Bank listing Eleni and Herbert as authorized signers on the accounts, and that the Bank improperly added Herbert as a joint tenant and authorized signer on the accounts. Nicholas alleged that Eleni never authorized the Bank to add Herbert as a joint tenant to her accounts.

The Bank subsequently allowed Herbert to close the savings account and transfer $177,436.96 from the savings account to the checking account. These funds ultimately passed to Herbert by right of survivorship.

In a negligence cause of action, Nicholas claimed that the Bank breached its duty to act with reasonable and ordinary care in managing Eleni's funds by allowing Herbert to remove the signature card from the Bank, failing to obtain Eleni's consent to add Herbert as a joint tenant to her accounts, adding Herbert as a joint tenant and signer to the accounts, and allowing Herbert to withdraw $177,436.96 from the savings account. In a breach of contract cause of action, Nicholas alleged that the Bank breached the Agreement by engaging in these same actions. In a prayer for relief, Nicholas stated that he was seeking damages and "attorney fees and costs . . . ."

Along with his complaint, Nicholas filed a declaration pursuant to Code of Civil Procedure section 377.32.[2] Section 377.32, subdivision (a)(3) requires that a person who pursues an action as a decedent's successor in interest execute an affidavit or declaration that states, " 'No proceeding is now pending in California for administration of the decedent's estate.' " In his declaration, Nicholas asserted that he was Eleni's successor in interest to the causes of action asserted in the complaint. Nicholas further stated, "A proceeding is now pending in California for administration of decedent's estate (San Diego Superior Court Case No. P189886), although no personal representative has yet been appointed for decedent's estate."

The Bank filed a demurrer to Nicholas's complaint. In its brief in support of its demurrer, the Bank argued, inter alia, that a person may bring an action as a decedent's successor in interest only if there is " '[n]o proceeding . . . now pending in California for administration of the decedent's estate.' " (§ 377.32, subd. (a)(3).) The Bank contended that there was such a pending probate proceeding, and pointed out that Nicholas had admitted this in his declaration. Accordingly, the Bank claimed that Nicholas lacked standing to bring the action.

---

[2] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

Nicholas filed an opposition in which he claimed, among other contentions, that he could bring the action as a successor in interest because no personal representative had been appointed in the probate proceeding.

In April 2006, the trial court sustained the Bank's demurrer without leave to amend. In its order sustaining the Bank's demurrer, the court stated that Nicholas was precluded from pursuing this action as Eleni's successor in interest because there was a pending probate proceeding. In May 2006, the trial court entered a judgment of dismissal in favor of the Bank.

In July 2006, the Bank filed a motion for attorney fees. In its brief in support of its motion, the Bank stated that Nicholas's causes of action were premised on the Agreement, which contained an attorney fee provision.[3] The Bank argued that it was entitled to an award of attorney fees pursuant to the attorney fee provision and Civil Code section 1717, subdivision (a), noting that a defendant who prevails in an action based on a contract is entitled to an award of attorney fees if the plaintiff would have been entitled to an award of attorney fees if the plaintiff had prevailed in the action. The Bank sought attorney fees in the amount of $19,377.80.

Nicholas filed an opposition to the Bank's motion for attorney fees. Among other contentions, Nicholas claimed that he was not liable for attorney fees because he would not have been entitled to an award of attorney fees if he had prevailed in the action. Nicholas argued that a nonparty to a contract is entitled to attorney fees pursuant to the contract only if the parties to the contract intended to confer the right to receive such fees on the nonparty. Nicholas claimed that the Agreement's use of the term "the parties" in the attorney fees provision reflected the parties' intention to exclude nonsignatories from the scope of the provision.

The Bank filed a reply brief, and the trial court held a hearing on the Bank's motion. In September 2006, the court entered an order awarding the Bank attorney fees in the amount of $15,000.

Nicholas timely appealed the order awarding attorney fees. After Nicholas filed his opening brief in this court, Herbert filed a declaration in which he sought to be substituted as respondent on appeal. In support of his request, Herbert stated that he was required to indemnify the Bank for any legal fees it incurred in this action because of Herbert's status as a holder of the savings account in question. Herbert further stated that the Bank had assigned to him the Bank's interest in the attorney fee order. Herbert requested that he be allowed to "step into the shoes" of the Bank and file a respondent's brief.

---

[3] The Bank stated that the Agreement included a signature card and a deposit account agreement and disclosure. The attorney fee provision appears on the signature card.

In May 2007, this court granted Herbert's "unopposed request to substitute as respondent on appeal."

## III.

## DISCUSSION

A. *Nicholas is liable for contractual attorney fees pursuant to the Agreement and Civil Code section 1717, subdivision (a) even though he is not a signatory to the Agreement*

Nicholas claims that the trial court erred in holding him liable for attorney fees in this case because he is a nonsignatory to the Agreement.

### 1. *Standard of review*

"On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law. [Citation.]" (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127] (*Sessions*).)[4]

### 2. *Governing law*

#### a. *Liability for contractual attorney fees*

Civil Code section 1717, subdivision (a) provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

■ In *Sessions*, the court explained that Civil Code section 1717 has been interpreted to ensure mutuality of remedy for attorney fee claims. Thus, pursuant to Civil Code section 1717, a plaintiff is liable for contractual attorney fees where "a *defendant* sued on a contract with a provision awarding attorney fees to the prevailing party defends by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of that contract." (*Sessions, supra*, 84 Cal.App.4th at p. 678.) In addition, with respect to nonsignatory plaintiffs, the *Sessions* court noted, " 'Where a nonsignatory

---

[4] Nicholas does not challenge on appeal the reasonableness of the amount of the attorney fee award.

plaintiff sues a signatory defendant in an action on a contract and the signatory defendant prevails, the signatory defendant is entitled to attorney fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed.' [Citation.]" (*Id.* at p. 679.)

In *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 605 [117 Cal.Rptr.2d 390] (*California Wholesale Material Supply, Inc.*), the court applied *Sessions* in considering whether a prevailing signatory defendant (Wilson) was entitled to attorney fees in an action brought by a nonsignatory plaintiff (CalPly) premised on a subcontract that had been assigned to CalPly by a signatory (Johnwall). The subcontract between Wilson and Johnwall provided in relevant part, " 'If either party becomes involved in . . . litigation arising out of this Contract or the performance of it, the court . . . in such . . . litigation, or in a separate suit, may award reasonable costs and expenses of . . . litigation, including . . . attorney's fees, to the party justly entitled to them. The parties agree that the party who recovers arbitration or litigation expenses shall recover the full amount of all such expenses and fees incurred in good faith.' " (*California Wholesale Material Supply, Inc., supra*, 96 Cal.App.4th at p. 603, fn. 3, italics omitted.)

In *California Wholesale Material Supply, Inc., supra*, 96 Cal.App.4th at page 605, the court noted that pursuant to a second agreement between CalPly and Johnwall, "CalPly became the assignee of Johnwall's rights in the subcontract between Wilson and Johnwall and CalPly thereby stepped into Johnwall's shoes as a matter of law." (Italics omitted.) Under these circumstances the court concluded that although CalPly was a nonsignatory to the subcontract between Wilson and Johnwall, it could be held liable for Wilson's attorney fees. The *California Wholesale Material Supply, Inc.* court reasoned: "Had CalPly prevailed on its cause of action as the assignee of Johnwall's rights under the Wilson/Johnwall subcontract, Wilson would have been liable to CalPly for attorney fees pursuant to the subcontract.[5] Consequently, because Wilson would have been liable for attorney fees pursuant to the attorney fee provision had CalPly prevailed, Wilson is entitled to recover attorney fees pursuant to the subcontract now that it has prevailed. [Citations.]" (*Id.* at pp. 608–609.)

In *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1289 [87 Cal.Rptr.2d 497] (*Heppler*), a general contractor (Peters) entered into subcontracts with various subcontractors, each of which "contained an attorney fees provision that by operation of law (Civ. Code, § 1717) provided the prevailing party would be awarded attorney fees in any action brought on the

---

[5] The court noted in a footnote that CalPly's complaint against Wilson included a prayer for attorney fees.

subcontract." Peters assigned to the nonsignatory plaintiffs its indemnity rights against the subcontractors that were set forth in the subcontracts. The nonsignatory plaintiffs pursued an action against the subcontractors premised on the indemnity rights contained in the subcontracts. (*Id.* at pp. 1272–1274, 1290.) The subcontractors prevailed in the action. This court concluded that the trial court had not erred in holding the nonsignatory plaintiffs liable for the prevailing subcontractors' attorney fees. (*Id.* at p. 1291.) The *Heppler* court reasoned in part: "By virtue of the assignment, plaintiffs became owners of Peters's indemnity rights and were completely in charge of the litigation. Plaintiffs chose to pursue each of the prevailing nonsettling subcontractors through trial. They had the option to settle with the subcontractors without incurring attorney fee obligations (Civ. Code, § 1717, subd. (b)(2)), but chose not to. Plaintiffs also had the power to dismiss the cross-complaints against the subcontractors and avoid any obligation for attorney fees. This is so because unless the cross-complaint went to judgment there would be no prevailing party within the meaning of Civil Code section 1717 and no one would have the right to recover attorney fees under the subcontracts. [Citations.]" (*Id.* at pp. 1290–1291; accord, *Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, 1087 [25 Cal.Rptr.3d 39] ["trial court properly determined that under the assignment of YLR's subcontract, Erickson incurred the subcontractual obligations for attorney fees . . ."].)

### b. *Successors in interest*

Section 377.30 provides, "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to Chapter 1 (commencing with Section 7000) of Part 1 of Division 7 of the Probate Code, and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."

Section 377.11 provides, "For the purposes of this chapter, 'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."

■ A person who acts as a decedent's successor in interest, "step[s] into [the decedent's] position," as to a particular action. (*Peterson v. John Crane, Inc.* (2007) 154 Cal.App.4th 498, 509 [65 Cal.Rptr.3d 185] (*Peterson*).)

### 3. *As Eleni's alleged successor in interest, Nicholas was liable for the Bank's attorney fees because the action was premised on the Agreement and the Bank prevailed in the action*

The Agreement contains the following provision: "In the event any dispute between the parties concerning the Deposit Documents, the Accounts and the

person(s) handling the account(s), or this signature card should result in litigation, the prevailing party shall be entitled to an award of all reasonable costs, including but not limited to, fees and costs of its attorneys."

In light of this provision, if the Bank had prevailed in an action brought by Eleni and premised on the Agreement, the Bank would have been entitled to an award of attorney fees. (See *California Wholesale Material Supply, Inc., supra*, 96 Cal.App.4th at p. 606 ["Clearly, attorney fees would be available to the prevailing party in a straightforward action arising out of the subcontract between Wilson and Johnwall."].) Nicholas does not argue otherwise.

Because of the mutuality of remedy principles that Civil Code section 1717 secures, it does not matter whether, on the merits, Nicholas *could* have prevailed in this action as a successor in interest. We must determine only whether, assuming Nicholas *had* prevailed on the action, he would have been entitled to attorney fees. (*Sessions, supra*, 84 Cal.App.4th at p. 679.)

Nicholas contends on appeal that he "would not have been entitled to such an award [of attorney fees] had he prevailed on his action against [the Bank]. . . ." The gist of Nicholas's argument is that the Agreement's use of the phrase "dispute between the parties," manifests an intent to preclude an award of attorney fees either in favor of, or against, a party's successor in interest pursuant to section 377.11. We find this argument to be without merit. In *California Wholesale Material Supply, Inc., supra*, 96 Cal.App.4th at page 603, footnote 3, the agreement at issue provided, " 'If either *party* becomes involved in . . . litigation . . . .' " (Italics added & omitted.) The court concluded that the provision applied to a party's contractual assignee, reasoning that the assignee "stepped into [the] shoes" of the party to the agreement. (*Id.* at p. 605.) Similarly, a successor in interest under section 377.11 "step[s] into [the decedent's] position," as to a particular action. (*Peterson, supra*, 154 Cal.App.4th at p. 509.)

In our view, a decedent's successor in interest pursuant to section 377.11 is far more closely aligned to the decedent than a party's contractual assignee is to the contracting party. In the context of an assignment of contractual rights, there is the additional question of whether any attorney fee obligations fall within the scope of the assignment. (See *Heppler, supra*, 73 Cal.App.4th at p. 1289 [noting "there was no direct assignment of the obligation to pay attorney fees under the subcontracts . . ."].) In contrast, in the context of succession, the successor in interest "succeeds to a cause of action" by operation of law. (§ 377.11.)

We reject Nicholas's argument that *Sessions, supra*, 84 Cal.App.4th 671, supports his contention that he cannot be found liable for attorney fees. In

*Sessions*, the court considered whether a party who sued as a third party beneficiary under a contract that contained an attorney fee provision could be liable for the prevailing party's attorney fees. The *Sessions* court noted that the contract at issue provided, " 'Except as specifically prescribed herein, *this Agreement shall not create any rights of or confer benefits upon, third parties.*' " (*Sessions, supra,* 84 Cal.App.4th at p. 680.) The *Sessions* court concluded that the third party beneficiary was not liable for the prevailing party's attorney fees because there was no indication that the contracting parties intended to include the third party beneficiary within the scope of the attorney fee provision. (*Id.* at p. 681.) However, in this case, Nicholas did not sue as a third party beneficiary, and he has pointed to no language in the Agreement that manifests an intent to exclude alleged successors in interest from the scope of the attorney fee provision.[6]

In *Heppler*, the court observed that the plaintiffs "had total control of the litigation," and "were primed to take the benefits of an award of attorney fees if they won . . . ." (*Heppler, supra,* 73 Cal.App.4th at p. 1291.) The *Heppler* court relied on these facts in determining that there was sufficient evidentiary support for the trial court's conclusion that the plaintiffs' attorney fee obligation was within the scope of the contractual assignment at issue in that case. As in *Heppler*, Nicholas was in control of the litigation and was primed to take the benefits if he had prevailed.[7] The result we reach in this case is thus both legally correct as well as equitable.

B. *Nicholas's claim that the trial court's award violates section 1026 is forfeited and, in any event, is without merit*

In a petition for rehearing, Nicholas asserts that this court must reverse the trial court's costs award because the award is contrary to section 1026. Nicholas did not raise this argument in the trial court, nor in this court at any time prior to filing his petition for rehearing. " 'It is well settled that arguments . . . cannot be raised for the first time in a petition for rehearing.' [Citation.]" (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1092 [32 Cal.Rptr.3d 483, 116 P.3d 1162] (*Reynolds*).) Accordingly, we conclude that Nicholas forfeited his contention that section 1026 bars the trial court's award in this case.

---

[6] We need not, and therefore, do not consider whether parties to an agreement could manifest their intent to exclude a decedent's successor in interest from the scope of an attorney fee provision by expressly excluding the party's successor in interest from the scope of the provision.

[7] The fact that a plaintiff includes a prayer for attorney fees in its complaint is not a sufficient basis on which to conclude that the plaintiff is estopped from denying its liability for such fees if the defendant prevails in the action. (*Sessions, supra,* 84 Cal.App.4th at p. 682.)

Even if we were to consider Nicholas's contention, we would reject the claim on the merits. Section 1026 provides:

"(a) Except as provided in subdivision (b), in an action prosecuted or defended by a personal representative, trustee of an express trust, guardian, conservator, or a person expressly authorized by statute, costs may be recovered as in an action by or against a person prosecuting or defending in the person's own right.

"(b) Costs allowed under subdivision (a) shall, by the judgment, be made chargeable only upon the estate, fund, or party represented, unless the court directs the costs to be paid by the fiduciary personally for mismanagement or bad faith in the action or defense."

We assume for the sake of argument that the attorney fees the trial court awarded pursuant to Civil Code section 1717 in this case constituted "costs" as that term is used in section 1026. We assume further that Nicholas, as Eleni's alleged successor in interest (§§ 377.30, 377.32), prosecuted this action as "a person expressly authorized by statute . . . ." (§ 1026.)

However, Nicholas, as an alleged successor in interest, did not act in a representative capacity in this case, other than perhaps to represent himself. (See *Peterson, supra*, 154 Cal.App.4th at p. 509 [party acting in role of successor in interest was not acting in "representative capacity" but rather "stepped into [decedent's] position as to the survivor actions and prosecuted claims on her own behalf"].) Thus, assuming that section 1026, subdivision (a) applies in this case, the costs were chargeable to Nicholas as the "party represented" pursuant to section 1026, subdivision (b), even in the absence of a finding of bad faith.

C. *Nicholas has failed to demonstrate that Eleni's estate should be liable for the attorney fee award*

Nicholas claims that Eleni's estate should have been held liable for the award of attorney fees, rather than Nicholas.

In support of this contention, Nicholas asserts that he served "essentially as a representative of Eleni's estate and its beneficiaries." We disagree. Section 377.11 provides that a successor in interest is a person who succeeds to a particular "cause of action." Section 377.30 provides that where a "cause of action . . . passes to the decedent's successor in interest," under certain circumstances, the successor in interest may commence the cause of action. Thus, a "successor in interest" has the authority to act with respect to

the particular cause or causes of action to which he succeeds, rather than the entirety of the decedent's estate. (See *Peterson, supra,* 154 Cal.App.4th at p. 509.)

Nicholas also contends that, "Any judgment that might have been recovered against [the Bank] would have become property of Eleni's estate and would have been distributed pursuant to Eleni's will." Even if true, as Eleni's alleged successor in interest, Nicholas claimed he was the beneficiary ultimately entitled to receive the proceeds of this action. For example, in his declaration pursuant to section 377.32, Nicholas states that the Trust names him as the beneficiary of the savings account. In his complaint, Nicholas asserts that, as a result of the Bank's actions, "plaintiff has been damaged in the sum of at least $177,436.96." Both of these statements clearly imply that any judgment that Nicholas might have obtained against the Bank would have passed to Nicholas by virtue of his claimed status as successor in interest. Accordingly, even if any money Nicholas might have recovered from the Bank in this case would have passed through Eleni's estate, we reject Nicholas's claim that the estate should have been liable for the attorney fee award.[8]

Finally, Nicholas claims for the first time in his petition for rehearing that section 377.33 demonstrates that he was acting in a representative capacity. The contention is forfeited. (*Reynolds, supra,* 36 Cal.4th at p. 1092.) It is also without merit. Section 377.33 provides, "The court in which an action is commenced or continued under this article may make any order concerning parties that is appropriate to ensure proper administration of justice in the case, including appointment of the decedent's successor in interest as a special administrator or guardian ad litem." The fact that a trial court may issue an order directing a successor in interest to serve in a representative capacity does not mean that Nicholas was acting in a representative capacity in this case.[9]

---

[8] In his reply brief, Nicholas claims that Herbert is barred from recovering any attorney fees against Nicholas by virtue of a settlement agreement Nicholas and Herbert reached in the probate proceeding. Nicholas stated in his reply brief that he would be filing a motion to augment the record on appeal to include various documents pertinent to this claim. Nicholas failed to file the motion to augment until the day prior to oral argument. We denied the motion to augment as untimely. Accordingly, we do not consider Nicholas's claim that the attorney fee order must be reversed pursuant to the settlement agreement between Nicholas and Herbert.

[9] As noted in the text, Nicholas raised several arguments in his petition for rehearing that he had not previously raised. Nevertheless Nicholas fails to acknowledge that he is raising these contentions for the first time, much less offer an explanation for his tardiness. His failure to timely raise these arguments, like his failure to timely file the motion to augment in this case (see fn. 8 *ante*) caused a needless expenditure of judicial resources.

## IV.

## DISPOSITION

The order is affirmed. Herbert is entitled to costs on appeal.

Haller, Acting P. J., and Irion, J., concurred.

A petition for a rehearing was denied February 7, 2008, and the opinion was modified to read as printed above.