**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. A. FISCHER; JOAN C. FISCHER; JOHN YOHANNES; KAREN YOHANNES; GLEN WEERHEIM; JOHANNA WEERHEIM; SAM ETCHEGARAY; SUZANNE ETCHEGARAY; SAM CROOKSHANKS; DOUG PHILLIPS; FAMOSO GOLD RANCH, LLC; KIWI GOLD CALIFORNIA, LLC; ETCHEGARAY FARMS, LLC; TRIPLE S LAMB FEEDING, CO., LLC, | No. 09-56952<br><br>D.C. No. 2:07-cv-05729-ODW-CT<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| v. | |
| ZESPRI INTERNATIONAL LIMITED, Business form unknown; ZESPRI GROUP LIMITED, Business form unknown; ZESPRI FRESH PRODUCE NORTH AMERICA, INC., a Washington Corporation, | |
| Defendants, | |
| And | |
| HORTICULTURE AND FOOD | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RESEARCH INSTITUTE OF NEW
ZEALAND, LTD.,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted October 8, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

HortResearch appeals the denial of its motion for contractual attorneys' fees as the prevailing party below. We review de novo because the denial was based on contract interpretation. *See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998).

HortResearch argues that it can enforce the fee-shifting provisions here because the relevant contracts, which are identical, name it as a third-party beneficiary. The contracts designate California law, under which third-party beneficiaries have whatever contractual rights the parties intended to give them. *Sessions Payroll Mgmt., Inc. v. Noble Constr. Co.*, 84 Cal. App. 4th 671, 680 (2000). We rely on the contracts' words to determine what those rights are. *Id.*;

Cal. Civ. Code § 1639.  Here, those words entitle HortResearch to enforce the fee-shifting provisions.

Our analysis begins with the provision designating HortResearch as a third-party beneficiary and defining its interests: "HortResearch . . . (the 'Third-Party Beneficiar[y]') ha[s] material interests in the Organic Material and the Confidential Information . . . (collectively, 'Third-Party Interests')."  Both "Organic Material" and "Confidential Information" are defined terms.  Organic Material means the kiwi fruit and plants that the farmers were to receive under the contracts.  Confidential Information includes "Trade Secrets" and "any and all information, know-how and data (technical or non-technical) which relate to Organic Material . . . which . . . have been made available and/or disclosed to" the farmers.  Trade Secrets also includes "the terms and conditions of this Agreement."

The contract uses these interests to define the third-party beneficiaries' rights:

> Each of the Third-Party Beneficiaries is entitled to the benefit of the representations, warranties and covenants of the Grower contained herein to the extent of its Third-Party Interests, and may (as third-party beneficiaries or otherwise) enforce this Agreement against the Grower and sue the Grower as if each such entity were a party hereto . . . .

3

Thus, HortResearch may "benefit" from, "enforce," and "sue" under the contract, but only "to the extent of its Third-Party Interests."

The underlying lawsuit and the fee-shifting provisions are within the "extent" of HortResearch's interests. The lawsuit implicated those interests because its challenge to HortResearch's representations that gold-flesh kiwis would flourish in California attacked HortResearch's "know how . . . relate[d] to Organic Material." The fee-shifting provision is within the extent of HortResearch's interests because it is a "term[] . . . of this Agreement." Accordingly, HortResearch is entitled to enforce the fee-shifting provision "as if [it] were a party."

Because the contracts entitle HortResearch to its fees, we need not address alternative arguments. The order denying its fees is VACATED and the case is REMANDED so that the district court can award reasonable attorneys' fees and costs to HortResearch, including its costs on appeal.