George M. PRINCE, an individual dba Prince Commercial Real Estate Services; F. David Bueche, an individual, Plaintiffs–Appellants/Cross–Appellees,

v.

SMG, a Pennsylvania general partnership; Armark Entertainment, Inc., a Delaware corporation; and Does One through Fifty, inclusive, Defendants–Appellees/Cross–Appellants.

Nos. 03–56050, 03–56534.

D.C. No. CV–03–00249–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided Feb. 23, 2005.

Harry S. Carmack, Esq., Costa Mesa, CA, for Plaintiff–Appellant.

Richard M. Fannan, Esq., J. Thomas Cairns, Jr., Leland, Parachini, Steinberg, Los Angeles, CA, for Defendant–Appellee.

Before: NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

George M. Prince, an individual doing business as Prince Commercial Real Estate Services and F. David Bueche (collectively, "Brokers"), appeal the district court's dismissal of their complaint for failure to state a claim. We affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Although SMG and Aramark Entertainment (collectively, "Sellers") agreed to pay Brokers a commission in connection with the sale to Melodyland Christian Center, this sale never occurred. The Brokers did not have any separate listing agreement with the Sellers, and thus their right to a commission is limited by the language of the Melodyland agreements, and dependent on the closing of that sale. *Lawrence Block Co. v. Palston,* 123 Cal.App.2d 300, 306–07, 266 P.2d 856 (1954).

The documents attached to the complaint—in particular the right of first offer and the offering notice to the City of Anaheim (the "City")—contradict any allegation that the Sellers acted improperly to deprive the Brokers of their commission. Contrary to the Brokers' argument, the grant deed did not require the Sellers to offer the property to the City on the *identical* terms as a sale to another buyer; indeed, it does not even require the existence of another buyer or a bona fide offer to purchase.

Nor can the Sellers prevail on any claim for breach of contract or unjust enrichment based on the sale to the City. The Brokers were not parties to, or even mentioned in, the offering notice, the City's acceptance or the formal purchase agreement between the Sellers and the City. Absent a written promise to pay, the Brokers cannot recover. Cal. Civ.Code § 1624(a)(4). The district court did not abuse its discretion by denying leave to amend. *See Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 829 (9th Cir.2003).

■ Sellers cross-appeal the district court's denial of their motion for attorneys' fees. Sellers are entitled to attorneys' fees only if the Brokers would also have been entitled to fees had they prevailed. *Real Prop. Serv. Corp. v. City of Pasadena,* 25 Cal.App.4th 375, 382, 30 Cal. Rptr.2d 536 (1994). The Brokers, however, were not parties to the Melodyland purchase contract. As nonsignatory beneficiaries of the Melodyland agreement, they could only collect the benefits the contracting parties agreed to confer upon them. *Sessions Payroll Mgmt, Inc. v. Noble Constr. Co., Inc.,* 84 Cal.App.4th 671, 680, 101 Cal.Rptr.2d 127 (2000). In this case, that benefit was the right to a commission if the transaction closed; there is no indication that the attorneys' fee provision was intended to apply to anyone other than the buyer and seller. Even assuming the "sufficient nexus" test applies in this context, the inclusion of a single provision promising to pay a commission does not provide a sufficient nexus between the Brokers and the remainder of the purchase contract. *Cf. Real Property Services,* 25 Cal.App.4th at 383, 30 Cal. Rptr.2d 536.

AFFIRMED.