**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a multi- county rapid transit district established and existing under the laws of California, | No. 07-15493 |
| | D.C. No. CV-04-04632-SI |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM [*] |
| WILLIAM D. SPENCER; F.W. SPENCER & SON, INC.; BRISBANE MECHANICAL CO., a California corporation; WILLIAM MCGAHAN; BRUCE BONAR, | |
| Defendants - Appellees. | |

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a multi- county rapid transit district established and existing under the laws of California, | No. 07-15932 |
| | D.C. No. CV-04-04632-SI |
| Plaintiff - Appellee, | |
| v. | |
| WILLIAM D. SPENCER; F.W. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SPENCER & SON, INC.; BRISBANE
MECHANICAL CO., a California
corporation; WILLIAM MCGAHAN;
BRUCE BONAR,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted November 2, 2009
San Francisco, California

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.

San Francisco Bay Area Rapid Transit District (BART) appeals the district court's order granting summary judgment in favor of William Spencer, et al., (Spencer) and setting the penalties for violation of the California False Claims Act (CFCA). Spencer cross-appeals the denial of post-trial motions and refusal to award attorney's fees. We affirm on all grounds.

I

BART's unjust enrichment claim fails for want of a loss. *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000) (noting that the elements of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the

expense of another."). Even assuming that *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533 (2008), recognized an exception to this rule, BART's claim does not fall into that exception. *See Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1594 (2008) (holding that *Walsh* "does not support plaintiffs' assertion [that] they need not allege any actual injury to bring an unjust enrichment claim").

Concrete financial loss is required for cognizable RICO injury, yet none exists. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086-87 (9th Cir. 2002). BART relies on unjust enrichment, but as explained, it has no loss on that account. Beyond this, BART received exactly what it bargained for – a certain percentage of work performed by minority subcontractors. Nor were the attorney's fees BART paid for administrative proceedings necessarily incurred on account of a RICO scheme. Accordingly, summary judgment was appropriately entered.[1]

Finally, the district court acted within its discretion in setting penalties under the CFCA. The court considered relevant factors when determining where within the available range ($0 to $10,000 per claim) to set the penalty. Contrary to BART's submission, the court did not improperly invoke contributory negligence as a defense; rather, it simply noted that, among other things, BART slept on its rights after knowing that Spencer had formed a sham joint venture.

---

[1] BART's fraud claim also fails for lack of damage.

3

## II

Spencer argues that its Rule 59(e) motion to alter or amend the judgment should have been granted because BART's CFCA claim was barred by the statute of limitations. This argument, however, was not raised in Spencer's Rule 59(e) motion and therefore is waived. *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

Likewise, most of Spencer's arguments about sufficiency of the evidence on the CFCA claim were not raised in district court and are not preserved. In any event, there was sufficient evidence from which the jury could infer that payment applications from the prime contractors to BART incorporated payment applications from the subcontractors to the primes. Thus, the jury could find that Spencer made false claims to BART.

Furthermore, there was sufficient evidence for the jury to determine that these false claims were material. *Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418, 1431 (1993) (holding that "materiality involves only the *capability* of influencing an agency's governmental functions"). The whole point of Spencer's scheme was to influence his company's chances of obtaining a contract.

Finally, Spencer can only seek attorney's fees from BART, a third party beneficiary to Spencer's contract with the prime contractors, if BART would be

4

entitled to seek such fees had it prevailed. *Real Prop. Servs. Corp. v. City of Pasadena*, 25 Cal. App. 4th 375, 380 (1994). Here, the contracts only provided recovery of attorney's fees in actions between parties to the contract. Therefore, the district court properly denied Spencer's request for attorney's fees.

AFFIRMED.