**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMAR TESSLER, an individual,

        Plaintiff - Appellee,

    v.

DAN ZADOK, an individual,

        Defendant - Appellant.

No. 10-55564

D.C. No. 2:08-cv-05695-R-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

    In this diversity action, Dan Zadok appeals pro se from the district court's

order denying his motion to vacate a default judgment entered in favor of Appellee

Tamar Tessler.  We have jurisdiction under 28 U.S.C. § 1921.  We review for an

abuse of discretion a district court's denial of a motion to set aside a default

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) ("*TCI*"). We vacate and remand.

In seeking to vacate the default judgment, Zadok submitted a declaration stating that he did not receive service of process and that he has no roommate, contradicting the process server's receipt. The record reflects neither the evidence nor the law on which the district court based its decision to deny Zadok's motion to set aside the default judgment. The district court may have denied the motion by considering Zadok's evidence and the factors set forth in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) (per curiam), or alternatively in *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). However, because we are unable to discern either the legal or the factual bases for the district court's decision, we are unable to assess whether the district court abused its discretion. *See United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (in assessing abuse of discretion, this Court must determine first whether the district court identified the correct legal rule to apply and second whether the application of that rule was illogical, implausible, or without support in the record); *see also TCI*, 244 F.3d at 696 ("[I]n applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"

(quoting *Falk*, 739 F.2d at 463)).  Accordingly, we vacate and remand for further proceedings consistent with our disposition.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**