**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT NICHOLSON, an individual; et al., | No. 15-35180 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01121-RSL |
| v. | MEMORANDUM[*] |
| THRIFTY PAYLESS, INC., a California corporation and RITE AID CORPORATION, a Delaware corporation, | |
| Defendants-Appellees. | |

| | |
|---|---|
| BRENT NICHOLSON, an individual; et al., | No. 15-35242 |
| Plaintiffs-Appellees, | D.C. No. 2:12-cv-01121-RSL |
| v. | |
| THRIFTY PAYLESS, INC., a California corporation and RITE AID CORPORATION, a Delaware corporation, | |
| Defendants-Appellants. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 12, 2017
Seattle, Washington

Before: D.W. NELSON, M. SMITH, and CHRISTEN, Circuit Judges.

Thrifty Payless Inc. ("Thrifty") and the Rite Aid Corporation ("Rite Aide")
(collectively, "Appellees") terminated leases and guarantees with limited liability
companies ("LLCs"),[1] managed by Brent Nicholson ("Nicholson") (collectively,
"Appellants"), to build Rite Aid stores. The LLCs appeal the district court's
holdings (1) that they were judicially estopped from pursuing claims against
Appellees based on representations Nicholson made to the bankruptcy court in his
personal bankruptcy proceedings, and (2) that the LLCs' contract-based claims
failed as a matter of law. The LLCs also appeal the district court's determination
that they are jointly and severally liable for the award of attorney's fees.[2]
Nicholson appeals the rulings finding him personally liable for (1) extra rent
Thrifty paid to No One to Blaine, LLC ("No One to Blaine"), and (2) attorney's

---

[1] The LLCs are: NMP Concord, LLC; San Pablo Cruise, LLC; Oakley
Dokley, LLC; Holy Rose, LLC; Sunnyboy, LLC; Full to the Brem, LLC; Ho
Silver-Dale, LLC; Whateverett, LLC; The Right Angeles, LLC; No One to Blaine,
LLC; and Poulsbo Holdings, LLC.

[2] Poulsbo Holdings appeals only the district court's attorney's fee award.

fees. Thrifty cross-appeals the district court's failure to award prejudgment interest on the extra rent paid to No One to Blaine. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM in part** and **VACATE and REMAND in part**.

1. The district court did not abuse its discretion in judicially estopping Appellants from pursuing their claims. Nicholson listed only six of the LLCs on the schedule submitted to the bankruptcy court and reported that his interests in those LLCs had a current value of $0.00. He also failed to make any attempt to value the LLCs' potential claims against Appellees even though, before the schedule was filed, Appellees had already issued termination notices as to the San Pablo and Oakley Projects. Because the bankruptcy court confirmed the plan based on an incomplete scheduling of assets and knowledge of potential lawsuits, and no explanation was offered as to the decision to list some, but not all, of the suits, the district court did not abuse its discretion in estopping Appellants' claims. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action."). Because we affirm on this ground, we need not consider whether Appellants' claims failed as a matter of law.

2. We vacate and remand the ruling holding Nicholson personally liable for the attorney's fee award. The parties agree that Washington law controls nine and California law controls two of the leases. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (explaining that when exercising jurisdiction over state law claims, a federal court generally applies state law in determining the right to fees). The parties also agree Nicholson signed the lease agreements and guarantees in his capacity as the managing member of each LLC.

Under California law, "[w]here a contract specifically provides for an award of attorney's fees incurred to enforce the provisions of a contract, the prevailing party in an action on the contract is entitled to reasonable attorney's fees." *Real Prop. Servs. Corp. v. City of Pasadena*, 30 Cal. Rptr. 2d 536, 539 (Cal. Ct. App. 1994). Generally, "attorney's fees are awarded only when the . . . lawsuit is between signatories to the contract." *Id.* "Under some circumstances, however, the reciprocity principles of [California] Civil Code 1717 will be applied in actions involving signatory and nonsignatory parties." *Id.* at 539. "Where a nonsignatory plaintiff sues a signatory defendant for an action on a contract and the signatory defendant prevails, the signatory defendant is entitled to attorney's fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed." *Id.* at 541; *see also Brown Bark III, L.P. v. Haver*, 162 Cal. Rptr. 3d 9,

4

18 (Cal. Ct. App. 2013). The California Court of Appeal has observed "[t]here are two factual scenarios where courts have awarded attorney fees in cases involving a nonsignatory to a contract that contains an attorney fee provision": (1) where the nonsignatory party "stands in the shoes of a party to the contract," and (2) where "the nonsignatory litigant is a third party beneficiary of the contract containing the attorney fee provision." *Richards v. Silva*, No. B267486, 2016 WL 6123917, at *3–4 (Cal. Ct. App. Oct. 20, 2016) (citations and internal quotation marks omitted).

Similarly, under Washington law, "RCW 4.84.330 authorizes attorney fees to the prevailing party in an action on a contract containing an attorney fee provision." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 12 (Wash. Ct. App. 2016). "The mutuality of remedy intended by [RCW 4.84.330] supports an award of attorney fees to a prevailing party under a contractual provision if the party-opponent would have been entitled to attorney fees under the same provision had the opponent prevailed . . . ." *P.T. Ika Muda Seafoods, Int'l v. Ocean Beauty Seafoods, Inc.*, 135 Wash. App. 1025, 2006 WL 3059959, at *3 (Wash. Ct. App. 2006). In some circumstances, attorney's fees may be awarded to a nonsignatory under RCW 4.84.330. *Niederle v. T.D. Escrow Servs., Inc.*, 114 Wash. App. 1046, 2002 WL 31648772, at *5 (Wash. Ct. App. 2002) (discussing *Herzog Aluminum,*

5

*Inc. v. Gen. Am. Window Corp.*, 692 P.2d 867 (Wash. Ct. App. 1984)).  *But see*

*4518 S. 256th*, 382 P.3d at 12 ("One must be a party to the contract, however, to

potentially be entitled to [a fee] award.").

Here, the court ruled that because Nicholson asserted claims on a contract

with an attorney's fee provision, he opened himself up to a fee award if he did not

prevail.  Although the court noted that, "[h]ad he prevailed on the claims as

asserted (through an alter ego, third-party beneficiary, or other theory), Nicholson

would undoubtedly have sought an award of fees from defendants under the

contracts," the court did not address whether Nicholson would have been entitled

to fees if he had prevailed.  Based on the court's sparse analysis, it is unclear

whether it considered or applied the legal standards set forth above.  We are

therefore unable to assess whether the court abused its discretion by holding

Nicholson liable for fees based on a contract to which he is not a party.[3]

---

[3] The court's reliance on *Deep Water Brewing, LLC v. Fairway Resources Ltd.* 152 Wn. App. 229 (Wash. Ct. App. 2009), for the broad proposition that, by asserting claims on a contract, Nicholson opened himself up to liability for the fee award, appears to be misplaced.  That court explained that although the Kenagys were not third party beneficiaries to certain easement and right-of-way agreements, they could still "enforce the agreements (with attorney fee provisions) as running covenants protecting the view from their restaurant."  *Id.* at 278.  There are no

(continued...)

6

Accordingly, we vacate and remand for the district court to explain why Nicholson is personally liable for the fee award. *See Tessler v. Zadok*, 452 F. App'x 786, 787 (9th Cir. 2011) ("[B]ecause we are unable to discern either the legal or the factual bases for the district court's decision, we are unable to assess whether the district court abused its discretion.")

3. The district court did not abuse its discretion by holding the LLCs jointly and severally liable for the attorney's fee award. The court concluded that joint and several liability was appropriate because the LLCs pursued their claims against Appellees in a single lawsuit and an accurate allocation of fees would be impossible. Further, the LLCs were represented by the same counsel and do not seem to have distinguished their respective contributions to the lawsuit. Accordingly, we affirm the ruling holding the LLCs jointly and severally liable for the attorney's fee award. *See Bloor v. Fritz*, 180 P.3d 805, 821 (Wash. Ct. App.

---

[3](...continued)
running covenants here. Nor – contrary to the district court's description of the holding – did the appellate court address whether the lower court "erred in awarding fees based on the doctrine of equitable indemnity." *Id.* at 279. Moreover, equitable indemnity likely does not apply here. *See Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 110 P.3d 1145, 1150 (Cal. Ct. App. 2005); *Manning v. Loidhamer*, 538 P.2d 136, 138–39 (Wash. Ct. App. 1975).

7

2008) (finding the trial court did not abuse its discretion by not segregating the attorney's fee award where "it would be 'almost impossible' to segregate the time spent on the various claims . . . [and] [t]he claims arose out of the same set of facts and involved interactions between the defendants."); *Friends of the Trails v. Blasius*, 93 Cal. Rptr. 2d 193, 211 (2000).

4. We affirm the district court's ruling finding Nicholson personally liable for extra rent Thrifty paid to No One to Blaine. In the same order in which it judicially estopped the LLCs from pursuing their claims, the court held both Nicholson and No One to Blaine liable for $103,500 in extra rent payments. Because Nicholson failed to contest his personal liability in his response to Thrifty's motion for summary judgment, but rather contested his liability for the first time in his motion for reconsideration of that order, Nicholson has waived this issue on appeal. *See Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999) (explaining that Appellants' "failure to raise the issues in the summary judgment motions waives their right to do so on appeal").

5. The district court erred in not ruling on Thrifty's request for prejudgment interest on extra rent paid to No One to Blaine. In its motion for summary

8

judgment, Thrifty argued that, because its counterclaim was liquidated, Thrifty was "entitled to prejudgment interest as a matter of right" under Washington law. Appellants did not challenge Thrifty's right to prejudgment interest in their opposition to Thrifty's motion. However, the court failed to address if Thrifty was entitled to interest on the counterclaim. We therefore remand for the court to determine if Thrifty is entitled to prejudgment interest under Washington law.

**AFFIRMED in part and VACATED and REMANDED in part.**