NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT NICHOLSON, an individual, | No. 18-35045 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01121-RSL |
| v. | |
| THRIFTY PAYLESS, INC., a California corporation; RITE AID CORPORATION, a Delaware corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted March 7, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and JACK,[**] District Judge.

Brent Nicholson appeals the district court's judgment, on remand from this
court, holding him personally liable for attorneys' fees in a diversity action against
Thrifty Payless, Inc., and Rite Aid Corp. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

§ 1291.  We review de novo questions of law concerning entitlement to attorneys' fees, and we review the amount of fees for an abuse of discretion.  *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018).  We reverse and remand.

Under California and Washington law, Nicholson may not be held personally liable for attorneys' fees under a fee provision in lease agreements to which he was not a party.  *See* Cal. Civ. Code § 1717; Wash. Rev. Code § 4.84.330; *Real Prop. Servs. Corp. v. City of Pasadena*, 30 Cal. Rptr. 2d 536, 539 (Cal. Ct. App. 1994) (holding that, generally, "attorney's fees are awarded only when the . . . lawsuit is between signatories to the contract"); *see also 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 12 (Wash. Ct. App. 2016) (noting that "one must be a party to the contract" to be entitled to an award under  § 4.84.330).  Neither of two exceptions allowing a fee to be awarded to, or payable by, a non-party applies because Nicholson did not stand in the shoes of the limited liability companies that were parties to the leases, and he was not a third-party beneficiary of the leases.  *See Cargill, Inc. v. Souza*, 134 Cal. Rptr. 3d 39, 42 (Cal. Ct. App. 2011) (setting forth exceptions); *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 76 Cal. Rptr. 3d 325, 356 (Cal. Ct. App. 2008) (noting that "a nonsignatory seeking relief as a third party beneficiary may recover fees under a fee provision only if it appears that *the contracting parties intended* to extend such

2

a right to one in his position" (emphasis in original)). We therefore reverse the district court's judgment finding Nicholson personally liable for attorneys' fees.

We remand for the district court to address the disposition of funds held in escrow.

**REVERSED and REMANDED.**