Filed 12/10/20  Kavoukjian v. Imnaishvili CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ARMEN KAVOUKJIAN,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GIORGI IMNAISHVILI et al.,<br><br>      Defendants and Appellants. | B300459<br><br>(Los Angeles County<br>Super. Ct. No. BC596896) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County.  Anthony J. Mohr, Judge.  Affirmed.

Lyden Law Corporation and Christine C. Lyden for Plaintiff and Respondent.

Law Office of Richard M. Foster, Richard M. Foster and Marine Khachoyan for Defendants and Respondents.

_____

Armen Kavoukjian and his company, GreenEden, LLC (GreenEden), jointly sued Giorgi Imnaishvili, Tigran Hakobyan, and Bagrat Ogannes (collectively, Defendants). Defendants prevailed at trial and moved for an award of attorney fees against both plaintiffs pursuant to a clause in a contract with GreenEden. Although Kavoukjian was not a party to the contract, Defendants argued he was bound by it as a third party beneficiary. The court disagreed and awarded Defendants attorney fees only against GreenEden. On appeal, Defendants argue the trial court erred in denying their request for attorney fees against Kavoukjian. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, GreenEden entered into a joint venture agreement (JVA) with Agro Organics—a company affiliated with Defendants—for the purpose of manufacturing and operating hydroponic greenhouses. Under the terms of the JVA, GreenEden agreed to make an initial capital investment of $75,000, with the option to purchase additional greenhouses for $75,000 each. Agro Organics agreed to manufacture and operate the greenhouses. The parties would then share the net profits derived from each greenhouse GreenEden financed. The JVA expressly permitted GreenEden to assign to Kavoukjian its options to purchase greenhouses and its interest in the joint venture.

A few months later, Defendants allegedly offered Kavoukjian a five percent interest in another business called Earth Farm and a seat on its board of directors in exchange for a $100,000 investment. Kavoukjian agreed and caused GreenEden to transfer $100,000 to Defendants. Defendants issued a stock

2

certificate memorializing GreenEden's acquisition of 50 shares of stock in Earth Farm.

According to Kavoukjian, despite Defendants' promises, they did not include him in board meetings or in the general management and operation of the business. They also began using traditional greenhouses rather than hydroponic greenhouses.

Based on the above allegations, Kavoukjian and GreenEden filed a complaint against Defendants and several of their companies. Kavoukjian and GreenEden jointly asserted causes of action for (1) rescission of securities investment, (2) fraud, (3) money had and received, and (4) conspiracy. GreenEden separately asserted a cause of action for breach of the JVA. Kavoukjian and GreenEden sought compensatory and punitive damages, but they did not seek attorney fees.

Following a multi-day bench trial, the court entered judgment in favor of Defendants on each cause of action. Defendants subsequently moved for an award of attorney fees against Kavoukjian and GreenEden pursuant to an attorney fees provision in the JVA. Defendants acknowledged that Kavoukjian was not a signatory to the JVA, but they argued they could enforce it against him because he claimed to be a third party beneficiary. In support, they pointed to several instances during the litigation when Kavoukjian implicitly or explicitly made such a claim. Defendants also argued they could enforce the JVA against Kavoukjian because he had sued them for allegedly breaching the contract.

The trial court granted Defendants' motion in part, awarding them $430,000 in attorney fees against GreenEden. The court denied the motion with respect to Kavoukjian, finding

3

he had not asserted a claim for breach of contract and Defendants failed to prove he was a third party beneficiary of the JVA.

Defendants timely appealed.

## DISCUSSION

Defendants contend the trial court erred in denying their request for an award of attorney fees against Kavoukjian pursuant to the attorney fees clause in the JVA. We disagree.[1]

Civil Code section 1717 provides that, in any action "on a contract" containing an attorney fees provision, the party "prevailing on the contract" shall be entitled to reasonable attorney fees in addition to other costs. (Civ. Code, § 1717, subd. (a).)[2] In *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds*), the California Supreme Court held that section 1717 must be "interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Id.* at p. 128.)

Lower courts have since applied *Reynolds*'s reciprocity principles to situations where a nonsignatory plaintiff sues a signatory defendant in an action on a contract and the signatory defendant prevails. (See *Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92, 111; *Real Property Services*

---

[1]    The determination of the legal basis for an award of attorney fees is a question of law, which we review de novo. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677; see *Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 707.)

[2]    All further undesignated statutory references are to the Civil Code.

4

*Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 382 (*Real Property Services*); *Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966, 970.) Under those circumstances, the "signatory defendant is entitled to attorney fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed." (*Real Property Services, supra*, at p. 382.)

A prevailing defendant may be entitled to contractual attorney fees if it shows the nonsignatory plaintiff is a third party beneficiary of the relevant contract. In *Real Property Services*, *supra*, 25 Cal.App.4th 375, for example, the plaintiff unsuccessfully alleged the defendant breached a lease with a developer with whom the plaintiff had a sublease. (*Id*. at p. 383.) The court held the defendant was entitled to its attorney fees pursuant to a clause in the lease, despite the fact that the plaintiff was not a signatory to the lease. The court reasoned that, because the plaintiff was a third party beneficiary of the lease, it would have been entitled to contractual attorney fees had it prevailed on its claim. (*Ibid*.) Therefore, under the reciprocity principles of section 1717, the defendant was also entitled to contractual attorney fees against the plaintiff. (*Id*. at pp. 383–384.)

Here, Defendants similarly contend they were entitled to an award of contractual attorney fees against Kavoukjian pursuant to the reciprocity principles of section 1717. Although they acknowledge Kavoukjian was not a signatory to the JVA—which is the only relevant contract containing an attorney fees provision—they insist he was a third party beneficiary of it. Therefore, Defendants argue, Kavoukjian would have been entitled to contractual attorney fees had he prevailed on his claims.

5

Although difficult to discern from their briefing, Defendants seem to advance three distinct arguments as to why Kavoukjian should be considered a third party beneficiary of the JVA: (1) Kavoukjian's claims were premised on a third party beneficiary theory; (2) Kavoukjian repeatedly represented that he was a third party beneficiary; and (3) the JVA itself indicates Kavoukjian was a third party beneficiary. Each contention lacks merit.[3]

Defendants first suggest Kavoukjian would have been entitled to attorney fees if successful at trial because his claims were premised on the theory that he was a third party beneficiary of the JVA. Although never stated explicitly, the implication seems to be that, had Kavoukjian prevailed, he necessarily would have established the fact that he is a third party beneficiary of the JVA. This finding, in turn, would have entitled him to enforce the JVA's attorney fees provision against them.

We do not agree that Kavoukjian's claims were reliant on a third party beneficiary theory. Kavoukjian asserted "causes of action" for rescission of securities investment, fraud, money had

[3]     Defendants also make repeated reference to an "alter ego" theory. As best we can tell, they are referring to the fact that Kavoukjian may have been able to establish they were alter egos of Agro Organics. They do not seem to be claiming Kavoukjian is an alter ego of GreenEden. Even if they did intend to make such a claim, they forfeited the argument by failing to support it with cogent analysis and citation to relevant legal authority. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."]; *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9.)

and received, and conspiracy. As far as we can tell on the limited record before us, none of these claims required Kavoukjian prove he was a third party beneficiary of the JVA.[4]

Perhaps aware of this fact, Defendants insist Kavoukjian also asserted a claim for breach of the JVA. The complaint, however, demonstrates otherwise. Directly under the heading "Third Cause of Action [¶] Breach of Contract," the complaint states, "By Plaintiff GreenEden against Defendants." For every other cause of action, in contrast, the complaint indicates it is brought by "Plaintiffs." Further, the complaint alleges Defendants "have failed and refused to perform the obligations that they owe to GreenEden pursuant to the Joint Venture Agreement." It does not allege that Defendants breached any contractual obligation to Kavoukjian. This clearly demonstrates that GreenEden alone asserted a claim for breach of contract. The fact that some of the other allegations under the cause of action refer to "plaintiffs," rather than simply GreenEden, does not persuade us otherwise.

Defendants next contend Kavoukjian would have been entitled to attorney fees had he prevailed at trial because he repeatedly claimed, both explicitly and implicitly, to be a third party beneficiary of the JVA. In response to their discovery requests, for example, Kavoukjian admitted he was not a signatory to the JVA, but insisted he "is a third party beneficiary" of it. He also claimed to be the sole creditor of balances owed in connection with the joint venture.

---

[4] The record on appeal consists almost entirely of documents filed in connection with the motion for attorney fees. As a result, we do not know what issues and theories were actually litigated at trial.

7

The fact that Kavoukjian claimed to be a third party beneficiary of the JVA does not make it so. "[A] party cannot establish third party beneficiary status unless he or she carries the burden of proving that the contracting parties' intended purpose in executing their agreement was to confer a direct benefit on the alleged third party beneficiary." (*Alling v. Universal Manufacturing Corp.* (1992) 5 Cal.App.4th 1412, 1439; see *Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1022 [the contracting parties must have intended to confer a benefit on the third party].) Accordingly, whether Kavoukjian was a third party beneficiary of the JVA depends on the intentions of the contracting parties, in this case GreenEden and Agro Organics. That Kavoukjian claimed such status long after the JVA was executed is irrelevant to the issue. Indeed, had Kavoukjian prevailed at trial, we have no doubt the trial court would have rejected his request for attorney fees if based solely on his own statements claiming to be a third party beneficiary.[5]

Defendants' final argument, which they did not make in the trial court, is that the JVA itself demonstrates Kavoukjian is a third party beneficiary. As noted above, for a person to be a third party beneficiary of a contract, the contracting parties must have intended to confer a direct benefit on that person. (*Alling v. Universal Manufacturing Corp., supra*, 5 Cal.App.4th at p. 1439.) " 'The test for determining whether a contract was made for the

---

[5] For the first time in their reply brief, Defendants contend some of Kavoukjian's discovery responses were binding admissions pursuant to Code of Civil Procedure section 2033.410, subdivision (a). The argument is untimely and we need not consider it. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764–765.)

benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract.' " (*Prouty v. Gores Technology Group* (2004) 121 Cal.App.4th 1225, 1232; see *Sessions Payroll Management, Inc. v. Noble Construction Co.*, *supra*, 84 Cal.App.4th at p. 680 [whether a person is a third party beneficiary is a question of contract interpretation].)  " 'If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person.' " (*Spinks v. Equity Residential Briarwood Apartments, supra*, 171 Cal.App.4th at p. 1022.)  The person need not be the sole or primary beneficiary of the contract, but an incidental or remote benefit is not sufficient.  (*Service Employees Internat. Union, Local 99 v. Options–A Child Care & Human Services Agency* (2011) 200 Cal.App.4th 869, 878.)

Here, the JVA does not manifest any intent by either GreenEden or Agro Organics to confer a direct benefit on Kavoukjian.  Under the JVA, GreenEden agreed to provide Agro Organics funds to finance greenhouses, and in return Agro Organics agreed to establish and operate the greenhouses. The parties further agreed to share the net profits derived from the greenhouses.  Kavoukjian was not entitled to any of those profits; nor did he otherwise directly benefit from GreenEden's or Agro Organic's performance of their obligations under the JVA. Any benefit he may have received on account of his ownership of GreenEden was incidental and did not render him a third party beneficiary.  (See *CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc.* (2006) 142 Cal.App.4th 453, 464 [suggesting a parent company was not a third party beneficiary of its

subsidiary's contract, even though it derived some benefit from profits earned by the subsidiary].)

Defendants insist the fact that GreenEden had the unilateral right to transfer to Kavoukjian its options and interests under the JVA shows Kavoukjian was an intended third party beneficiary. We disagree. The general rule is that a party may assign its interest in a contract in the absence of clear language prohibiting the assignment. (See § 1044 ["Property of any kind may be transferred, except as otherwise provided by this article."]; § 1458 ["A right arising out of an obligation is the property of the person to whom it is due, and may be transferred as such."]; *Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208, 222 [California statutes "clearly manifest a policy in favor of the free transferability of all types of property, including rights under contracts"]; Williston on Contracts § 74:10 (4th ed.) ["Generally, all contract rights may be assigned in the absence of clear language expressly prohibiting the assignment"].) The provisions of the JVA permitting GreenEden to freely assign its interests and options to Kavoukjian, therefore, were simply a restatement of the law; they did not confer any additional benefit on Kavoukjian. (See *Don Rose Oil Co., Inc v. Lindsley* (1984) 160 Cal.App.3d 752, 756 [holding a prospective assignee of a contracting party's interest was not a third party beneficiary of the contract].)

Defendants further contend the fact that Kavoukjian is listed in the JVA as the party accepting notice on GreenEden's behalf indicates an intent to benefit him. Defendants, however, fail to explain how this benefited Kavoukjian; nor can we conceive of any way in which it would have. (See *Walters v. Calderon* (1972) 25 Cal.App.3d 863, 871 [the fact that a person is

10

incidentally named in a contract does not make the person a third party beneficiary].)

Because Defendants have not shown Kavoukjian would have been entitled to attorney fees had he prevailed on any of his claims, they are not entitled to their attorney fees under the reciprocity principles of section 1717. The trial court properly denied their motion for an award of attorney fees against Kavoukjian.[6]

## DISPOSITION

The judgment is affirmed. Kavoukjian is awarded his costs on appeal.

BIGELOW, P. J.

We concur:

GRIMES, J.

WILEY, J.

---

[6] Defendants purport to advance an alternative argument that they were entitled to attorney fees based on Kavoukjian's rescission of securities investment claim. We can discern no meaningful difference between this argument and their arguments regarding Kavoukjian's status as a third party beneficiary. Accordingly, we reject it for the same reasons.