Filed 5/14/26  McCain v. Edwards CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| KEVIN MCCAIN et al.,<br>        Cross-complainants and Appellants,<br><br>v.<br><br>TYLER EDWARDS et al.,<br>        Cross-defendants and Respondents. | C101256<br><br>(Super. Ct. No. 20CV01884) |

After a disagreement arose over a home renovation, contractor Tyler Edwards, Inc. (TEI) filed a lien foreclosure action against appellants Kevin and Sarah McCain.  The McCains filed a cross-complaint, asserting contract and tort claims against TEI and its principals, respondents Tyler and James Edwards, whom the McCains alleged were personally liable under an alter ego theory.  At summary judgment, the trial court ruled that Tyler Edwards was subject to alter ego liability, but it later reconsidered that decision and the case proceeded to trial.  After a bench trial, the court entered a judgment finding TEI liable to the McCains on several of their cross-claims but declining to pierce the corporate veil.  Separately, the court awarded Tyler and James Edwards attorneys' fees

1

under Civil Code section 1717 as the parties prevailing on the McCains' alter ego claims.[1]

On appeal, the McCains argue that the trial court's alter ego findings are not supported by sufficient evidence, the court should not have reconsidered its summary judgment ruling, and Tyler and James Edwards are not prevailing parties entitled to attorneys' fees. Alternatively, the McCains contend that, even if respondents properly prevailed on the alter ego claims, they cannot recover attorneys' fees under section 1717 on any noncontract claim. We conclude that we lack jurisdiction to consider the McCains' appeal of the judgment because their notice of appeal was not timely. We agree that Tyler and James Edwards were not entitled to attorneys' fees on any noncontract claim and therefore reverse the trial court's post-judgment attorneys' fees award and remand for the court to consider whether and how to apportion the fees to limit the award to the contract claims.

## BACKGROUND

In September 2019, Kevin and Sarah McCain signed a contract with TEI to remodel their home. The contract included an attorneys' fee provision that read: "If any legal action or other proceeding is brought to enforce this agreement, or because of an alleged dispute, breach or misrepresentation in connection with any of the provisions of this agreement, the successful or prevailing party or parties shall be entitled to recover their reasonable attorney's fees, and other costs incurred in that action or proceeding, in addition to any other relief to which they may be entitled." Tyler Edwards signed the contract on behalf of TEI.

The parties disagreed about the quality of TEI's work, and the McCains refused to pay. TEI recorded a mechanics lien on the property and sued to foreclose the lien.

---

[1] Undesignated statutory references are to the Civil Code.

The McCains filed a cross-complaint against TEI as well as respondents Tyler and James Edwards, alleging that the two men were the "sole members of" TEI and were personally liable for TEI's actions under an alter ego theory. The cross-complaint asserted causes of action for breach of contract, unjust enrichment, breach of implied warranty, breach of express warranty, negligence, fraudulent inducement to enter a contract, and disgorgement. It requested compensatory and punitive damages as well as attorneys' fees.

The McCains filed two motions for summary judgment or, in the alternative, adjudication, one addressing the TEI complaint and the other their own cross-complaint. The trial court granted the motion as to TEI's complaint on the ground that TEI's license was suspended as a matter of law. (See Bus. & Prof. Code, § 7031, subd. (a) [generally prohibiting unlicensed contractor from bringing action to collect compensation].) As to the cross-complaint, the court held that the McCains were entitled to judgment against TEI on their unjust enrichment and disgorgement causes of action, but it denied the motion as to the remainder of the McCains' claims. The court further ruled that the McCains could pierce the corporate veil, reasoning that they had "met their initial burden by demonstrating [TEI] is under capitalized[,] … that Mr. Edwards used corporate funds for his personal use[,] … and failed to maintain corporate formalities." It explained that "the evidence shows due to the undercapitalization of the corporation, it has nowhere near the funds to repay the McCains for compensation paid, much less any other damages that may be obtained."

In January 2023, TEI, James Edwards, and Tyler Edwards filed a motion for a new trial on the ground of insufficient evidence to support piercing the corporate veil. The trial court ordered the parties to submit further briefing on the issue.

In March 2023, the trial court denied the motion for a new trial as procedurally defective, reasoning that a new trial motion is not a proper vehicle for challenging an order granting summary judgment or adjudication. In the interest of judicial economy,

3

however, the court, on its own motion, reconsidered its ruling on alter ego liability and struck the portions of the order on the issue. The court explained: "As both parties have extensively briefed (and case law on the subject provides), alter ego liability involves an analysis of multiple factors. However, adequate capitalization appears to be an especially important factor. So much so that some cases suggest inadequate capitalization alone may be grounds for holding shareholders personally liable. [¶] Both parties have presented voluminous evidence on the issue of capitalization. Despite this, the [c]ourt finds triable issues of fact exist as to the capitalization of the corporation relative to its assets and liabilities. While both sides have made general arguments based on different financial figures at different points in time, no evidence has been clearly presented setting forth a comparison of capitalization with on-going financial obligations. There is no expert evidence that analyzes and explains based on the financial records why the corporation is, or is not, adequately capitalized. [¶] Further, there is no evidence concerning the more recent financial condition of the corporation. Although this case was filed in 2020, it appears to the [c]ourt more recent evidence would be relevant on this particular issue."

The case proceeded to a five-day bench trial, and on October 27, 2023, the trial court issued a final statement of decision. As to TEI, the court found in favor of the McCains on their breach of contract, negligence, and breach of warranty causes of action; it rejected their claim of fraud in the inducement. The court awarded them damages. As to respondents, the court found that the McCains had "not met their burden to show TEI was undercapitalized" and thus "decline[d] to find alter ego liability for Tyler Edwards and James Edwards." It ordered the McCains to prepare a judgment.

On January 25, 2024, the trial court issued an order granting the McCains' motion for attorneys' fees. The court characterized the motion as seeking "an award of attorney's fees against plaintiff and cross-defendants Tyler Edwards, Inc., Tyler Edwards, and James Edwards." The court awarded fees totaling $231,188 after reducing the award

4

to account for an apportionment of the alter ego issue on which the McCains had not prevailed.

On January 31, 2024, the trial court issued "Judgment in Favor of Sarah and Kevin McCain and Against Tyler Edwards, Inc." (Some capitalization omitted.) After setting forth in numbered paragraphs the damages awards against TEI, the judgment read in paragraph 11: "The [c]ourt finds that [the] McCains have not met their burden to show TEI was undercapitalized and declines to find alter ego liability for Tyler Edwards and James Edwards." Paragraph 12 said: "The [c]ourt determines that Kevin and Sarah McCain are the prevailing party pursuant to Civil Code section 1717, Code of Civil Procedure section 1021, and Code of Civil Procedure section 1021.5, and are entitled to their attorney's fees against Tyler Edwards, Inc., Tyler Edwards, and James Edwards in the amount of $231,188.00 as [previously ordered] and costs in the amount of $51,760.31 as set forth in the Memorandum of Costs filed December 4, 2023." The McCains served notice of entry of judgment on February 15, 2024.

Also on February 15, 2024, TEI and respondents filed a motion to modify the judgment and attorneys' fee order, arguing that both had incorrectly awarded fees against Tyler and James Edwards, rather than only against TEI. The motion argued that the McCains' attorneys' fee request had sought fees only as to TEI.

On March 6, 2024, the trial court issued a written order granting the motion to modify the judgment and order. The court reasoned that "neither the notice of [the McCains' attorneys' fee] motion, the body of the points and authorities, nor the conclusion explicitly identifies Tyler Edwards and James Edwards as individuals." Consequently, neither had notice that he could be deemed responsible for attorneys' fees. The court modified the judgment to strike the award of fees as against the two men individually.

On April 18, 2024, Tyler and James Edwards filed a motion for attorneys' fees against the McCains. They asserted that they were entitled to fees under section 1717

5

after prevailing on the McCains' claims of alter ego liability. The McCains opposed the motion, arguing in part that the motion was untimely because it was filed more than 60 days after the February 15, 2024 service of notice of entry of judgment. They further argued that the motion to modify the judgment had not reset the deadline because the motion solely addressed the issue of attorneys' fees, which did not "substantially change" the judgment.

On May 22, 2024, the trial court granted respondents' fee motion. The court first concluded that the motion was timely because the judgment had been modified, making the deadline 60 days after the March 6, 2024 modification. The court reasoned that Tyler and James Edwards could not have filed their motion for fees until the January 31, 2024 judgment's imposition of fees against them had been corrected. Alternatively, the court concluded there was good cause to permit the untimely filing, observing that the question whether the March 6 modification order tolled the deadline was "at least debatable."

On the merits, the trial court ruled that Tyler and James Edwards were entitled to an award of fees. The court determined that respondents were prevailing parties because they had succeeded on the only legal theories asserted against them: alter ego liability and fraud. The court rejected the McCains' argument that section 1717 did not authorize fee-shifting for their tort claims, reasoning that the attorneys' fee provision in the home remodeling contract was broad and "not limited to disputes concerning the contract." Because "the attorney fee provision authorizes recovery of attorney fees for non-contract based claims," the court found that "no legal basis exist[ed] to apportion fees by limiting fees to the contract claim alone." The court awarded respondents $72,314.25 in fees.

On May 29, 2024, the trial court issued an amended judgment. The amended judgment made minor edits to paragraph 11 of the original January 31, 2024 judgment, replacing "TEI" with "Tyler Edwards, Inc. dba Edwards Construction" and specifying that there was no alter ego liability against Tyler and James Edwards "as individuals." It edited paragraph 12 by replacing the phrase "Tyler Edwards, Inc., Tyler Edwards, and

6

James Edwards," with "Tyler Edwards, Inc., dba Edwards Construction only" when describing who was responsible for paying the McCains' attorneys' fees. The amended judgment also added four paragraphs (paragraphs 13 through 16) addressing costs and attorneys' fees. The paragraphs stated that the McCains could not recover their costs against Tyler and James Edwards, noted that the two men were prevailing parties, and set forth the amount of costs and fees owed to them. The court served the amended judgment on May 30, 2024.

That same day, the McCains filed two notices of appeal. One stated it was appealing from a judgment after a court trial entered on May 29, 2024. The second said it was appealing from an order after judgment entered on May 22, 2024, pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2).

## DISCUSSION

## I.

The McCains' first two contentions on appeal are that the trial court erred when it declined to find Tyler and James Edwards personally liable under an alter ego theory. The McCains argue that there was insufficient evidence supporting the court's refusal to pierce the corporate veil and that the court should not have reconsidered the issue after finding in their favor at summary judgment. We do not address these contentions because we lack jurisdiction to consider them. As respondents argue, the McCains' notice of appeal from the judgment was not timely.

Under California Rules of Court, rule 8.104(a)(1), a party must file a notice of appeal no more than "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." "If a

7

notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b); see *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113 ["the filing of a timely notice of appeal is a jurisdictional prerequisite"].)

The notice of entry of the original January 31, 2024 judgment, which included the trial court's finding of no alter ego liability, was served on February 15, 2024. The notice of appeal from that judgment was therefore due by April 15, 2024. The McCains did not file their notice of appeal until May 30, 2024.

The McCains maintain that the 60-day clock started to run not from the service of notice of the original January 31, 2024 judgment but instead from the entry of the amended judgment on May 29, 2024. An amended judgment supersedes "the original judgment for purposes of computing the time in which to file a notice of appeal" when the amended judgment "results in a substantial modification of a judgment." (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.) The question is "whether there is a substantial change in the rights of the parties such that allowing an amendment nunc pro tunc (relating back to the original judgment) would unfairly deprive them of the right to contest the issue on appeal or otherwise." (*Id.* at pp. 506-507.) "[A] separately appealable order after final judgment does not substantially modify the judgment itself for purposes of computing the time in which to file a notice of appeal. Any problem the parties might have with the amendment can be pursued through a separate appeal of the postjudgment order." (*Id.* at p. 505; see also *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842-843.)

Here, the May 29, 2024 amended judgment did not substantially change the trial court's original judgment. The amended judgment made only minor edits to paragraph 11, replacing the abbreviation "TEI" with the full name of the company ("Tyler Edwards, Inc. dba Edwards Construction") and adding the phrase "as individuals" to the end of the sentence. Thus, the final version of the paragraph read, "The [c]ourt finds that [the] McCains have not met their burden to show Tyler Edwards,

8

Inc., dba Edwards Construction was undercapitalized and declines to find alter ego liability against Tyler J. Edwards and James B. Edwards as individuals." These edits did not change the court's findings of fact or conclusions of law, nor did they alter the rights of any party as to the alter ego issue. The modification in paragraph 12, which was made primarily to bring the McCains' fee award into conformance with the court's alter ego finding, likewise did not affect or alter the court's conclusion that Tyler and James Edwards were not personally liable to the McCains. That conclusion, expressed in the original January 31, 2024 judgment, "remained valid and could have been challenged by appeal" at that time. (*Dakota Payphone, LLC v. Alcaraz*, *supra*, 192 Cal.App.4th at p. 509.) Moreover, the substance of the change in paragraph 12 specifying that only TEI (and not respondents) was responsible for paying the McCains' attorneys' fees was made by the court's modification order, which was served on March 6, 2024, not the May 29, 2024 amended judgment that the McCains now argue provided the first opportunity for appealing the court's alter ego determination. The McCains could have pursued an appeal of that determination by filing a timely notice of appeal from service of notice of the January 31, 2024 judgment, and the May 29, 2024 amendment did not give the McCains a second chance to appeal the court's conclusion because it did not change anything about the appealable issue. (Cf. *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 765 [modification substantial where judgment reflected a new legal ground materially affecting parties' rights].)

We are also unpersuaded that the addition of paragraphs 13 through 16 in the May 29, 2024 amended judgment was a substantial modification of the original judgment, as the McCains assert. Those paragraphs addressed the separate postjudgment issue of fees and costs and do not restart the deadline for filing a notice of appeal. (*Dakota Payphone, LLC v. Alcaraz*, *supra*, 192 Cal.App.4th at pp. 505-506.)

Because the McCains' notice of appeal was not timely, we must dismiss their appeal of the judgment.[2]

## II.

The McCains additionally challenge the trial court's award of attorneys' fees to Tyler and James Edwards. The McCains concede that, if we leave the trial court's alter ego determination intact, respondents were entitled to fees under section 1717, but they maintain the award must be apportioned to limit fees to those incurred in defending against the contract claims. Alternatively, the McCains argue in their reply brief that respondents' motion for attorneys' fees was untimely. We reject the timeliness argument, but agree that the matter must be remanded for the trial court to consider apportionment of the fees.

"A party may not recover attorney fees unless expressly authorized by statute or contract. [Citations.] In the absence of a statute authorizing the recovery of attorney fees, the parties may agree on whether and how to allocate attorney fees. [Citation.] They may agree the prevailing party will be awarded all the attorney fees incurred in any litigation between them, limit the recovery of fees only to claims arising from certain transactions or events, or award them only on certain types of claims. The parties may agree to award attorney fees on claims sounding in both contract and tort." (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 818 (*Brown Bark*).)

When a party seeks to enforce an attorneys' fee provision in litigation "on a contract," section 1717, subdivision (a) requires fees to be awarded to the prevailing party, "whether he [or she] is the party specified in the contract or not." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.) "Section 1717 was enacted to

---

[2] In light of this conclusion, we deny as irrelevant the McCains' request for judicial notice of a bankruptcy filing by TEI that they assert bears on the issue of alter ego liability. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.)

establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party." (*Ibid.*)

"Because section 1717 only applies to an action 'on a contract,' the statute and its reciprocity rules do not apply to claims for fees for tort or other noncontract claims. [Citation.] For such claims, 'the question of whether to award attorney's fees turns on the language of the contractual attorney's fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision.' [Citation.] Because there is no requirement of reciprocity for noncontract claims, a provision that awards fees for such claims to only one party will be enforced according to its terms, regardless of any apparent unfairness." (*Hom v. Petrou* (2021) 67 Cal.App.5th 459, 465.) Thus, for a non-signatory to recover under such a provision, the contract language must establish that the non-signatory is entitled to the benefit of the provision. (*Brown Bark*, *supra*, 219 Cal.App.4th at pp. 828-829.) We review " 'the legal basis for an award of attorney fees de novo as a question of law.' " (*Id.* at p. 821.)

As an initial matter, the McCains argue that, if the amended judgment did not restart the clock to file a notice of appeal, as we concluded above, respondents' April 18, 2024 motion for attorneys' fees was untimely because it was filed more than 60 days after the February 15, 2024 service of notice of the original judgment. The McCains did not make this argument until their reply brief, however, and we need not consider it. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.) In any event, the trial court was free to extend the deadline for filing a motion for attorneys' fees, as it did as an alternative ground for deeming respondents' fee motion timely, and the McCains offer no argument why this ruling was outside the court's discretion. (Cal. Rules of Court, rule 3.1702(d) [allowing time extensions based on good cause].)

As to the McCains' substantive arguments, the parties agree that Tyler and James Edwards were not signatories to the home remodeling contract between TEI and the

11

McCains, which contains the relevant attorneys' fee provision.  There is also no dispute that, even as non-signatories, respondents were entitled to recover their fees incurred in defending against the McCains' contract claims.  (§ 1717, subd. (a); *Reynolds Metals Co. v. Alperson*, *supra*, 25 Cal.3d at p. 128.)  As for the noncontract claims, we agree with the McCains that the contractual attorneys' fee provision does not authorize fee-shifting in favor of respondents.  As noted above, the fees provision in the contract says:  "If any legal action or other proceeding is brought to enforce this agreement, or because of an alleged dispute, breach or misrepresentation in connection with any of the provisions of this agreement, the successful or prevailing party or parties shall be entitled to recover their reasonable attorney's fees, and other costs incurred in that action or proceeding, in addition to any other relief to which they may be entitled."  This language does not suggest that non-signatories Tyler and James Edwards were intended to be covered by the provision.  Respondents point to no language in the contract suggesting otherwise, and our review of the agreement as a whole reveals no intention to grant any rights or obligations to the Edwardses as individuals.  (*Sessions Payroll Management, Inc. v. Noble Construction Co., Inc.* (2000) 84 Cal.App.4th 671, 680 [to receive the benefits of a contract, "the contracting parties must have intended to benefit" the non-signatory and the agreement must "reflect[] that intent"].)  Thus, Tyler and James Edwards were not entitled to recover attorneys' fees for any noncontract claims, and the trial court erred to the extent it awarded fees for those claims.  (See *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1830; *Brown Bark*, *supra*, 219 Cal.App.4th at pp. 828-829.)

Where fees are authorized for some causes of action in a complaint but not for others, the trial court has discretion to allocate the attorneys' fees among the claims and award fees only for authorized claims.  (*Brown Bark*, *supra*, 219 Cal.App.4th at pp. 829-830.)  "Attorney's fees need not be apportioned when incurred for representation on an

issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Reynolds Metals Co. v. Alperson*, *supra*, 25 Cal.3d at pp. 129-130.)

In this case, the McCains do not dispute that Tyler and James Edwards are entitled to fees for litigating the breach of contract and breach of warranty claims, but maintain that respondents cannot collect fees on the unjust enrichment, negligence, fraudulent inducement, and disgorgement claims. The McCains also argue that a specific reduction in the awarded fees is appropriate, based on the trial court's apportionment of the fees awarded to them as against TEI.

We reject the latter argument but find that remand is warranted on the former. As respondents note, the situation between the McCains and TEI is different than that between the McCains and respondents, because Tyler and James Edwards prevailed on all the issues alleged against them, while the McCains did not prevail on all claims as against TEI. On the allocation of fees among the contract and noncontract claims, " '[t]he trial court … is the best judge of the value of professional services rendered in its court …' [citation] and allocation of attorney fees 'is a matter within the trial court's discretion.' " (*Brown Bark*, *supra*, 219 Cal.App.4th at p. 830.) Accordingly, we will remand the matter for the trial court to exercise its discretion to determine whether and how to apportion the attorneys' fees award.

DISPOSITION

The appeal of the judgment is dismissed.  The order awarding attorneys' fees to Tyler and James Edwards is reversed.  The matter is remanded to the trial court for further proceedings to determine the amount of fees Tyler and James Edwards may recover.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3) & (5).)


/s/_____
FEINBERG, J.

We concur:


/s/_____
RENNER, Acting P. J.


/s/_____
BOULWARE EURIE, J.

14